[Cite as *State v. Mosley*, 2016-Ohio-7506.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2015 AP 07 0034 |
| JEFFREY S. MOSLEY, JR. | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the New Philadelphia
Municipal Court, Case No.
TRD1402013/CRB140045

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 21, 2016

APPEARANCES:

For Plaintiff-Appellee

RONALD L. COLLINS
Mineral City Prosecutor
9302 Lakewood Drive NE
Mineral City, Ohio 44656

For Defendant-Appellant

DAVID C. HIPP
300 East High Avenue
P.O. Box 90
New Philadelphia, Ohio 44663

*Hoffman, J.*

**{¶1}** Defendant-appellant Jeffrey S. Mosley, Jr. appeals his June 9, 2015 conviction and sentence entered by the New Philadelphia Municipal Court on one count of menacing and one count of reckless operation. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On April 20, 2014, Jessica Teeple stopped her vehicle at a traffic light on Miner Street in Mineral City, Ohio at approximately 10:00 pm. Appellant stopped his vehicle at the same intersection at a cross-street. Appellant proceeded to make a left hand turn, nearly "clipping" Teeple's vehicle as he turned. Teeple honked her horn at Appellant.

**{¶3}** As a result of Teeple honking her horn at Appellant, Appellant turned his vehicle around spinning gravel and chased Teeple's vehicle. He drove his vehicle right behind Teeple at a high rate of speed. At one point, Appellant brought his vehicle right beside Teeple's vehicle.

**{¶4}** Jessica Teeple had earlier noticed two officers investigating an incident nearby. Teeple drove her vehicle in the direction. As she approached the officers, Teeple honked her horn and yelled out the window to the sheriff's deputies. She felt like Appellant was going to hurt her, and didn't know what he was capable of doing, fearing for her safety.

**{¶5}** Tuscarawas Sheriff Deputy Michael Snyder testified he was outside of a residence investigating an assault when he heard screeching tires as a vehicle came to a stop. Deputy Snyder observed Appellant's vehicle enter the bakery parking lot, turn

around, and "dust and gravel was flying."  As Jessica Teeple approached the officers in her vehicle, she yelled out the window Appellant was trying to run her off the road.

{¶6}    On April 22, 2014, a Complaint was filed in the New Philadelphia Municipal Court charging Appellant with menacing, in violation of R.C. 2903.22, and reckless operation, in violation of R.C. 4511.20. A jury found Appellant guilty of the charge of menacing, in violation of R.C. 2903.22. The trial court entered a verdict of guilty as to reckless operation, in violation of R.C. 4511.20. Via Judgment Entry of June 9, 2015, the trial court imposed a sentence of 30 days in jail, with 20 days suspended. The trial court further sentenced Appellant to twelve months community control, and ordered Appellant pay a fine of $100, as to the reckless operation charge.

{¶7}    Appellant appeals, assigning as error:

{¶8}    "I. THE CONVICTION OF THE APPELLANT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶9}    In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶10} Appellant argues the State failed to prove the identity of Appellant at trial, as necessary to sustain Appellant's conviction. We disagree.

{¶11} At trial, Deputy Michael Snyder identified Appellant as the driver of the second vehicle,

Q. Okay. And the other vehicle?

A. It was Mr. Mosley.

Q. Okay. And the person who got out of that vehicle, is he here in the courtroom today?

A. Yes, he's the gentleman wearing the Chevrolet shirt, sitting over there at Defendant's table.

MR. COLLINS: Okay. Your Honor, is that sufficient that the record would show that the witness identified the Defendant?

THE COURT: Yes.

MR. COLLINS: Thank you, your Honor.

Tr. at 28-29

{¶12} Appellant told Deputy Snyder he was following Teeple's vehicle because he wanted to find out why Teeple honked the horn at him. We find this provides the necessary nexus between Deputy Snyder's identification of Appellant as the driver and the person Teeple described as menacing her.

{¶13} We find the State sufficiently established the identity of Appellant as the driver of the vehicle pursuing Jessica Teeple.

{¶14} Appellant also asserts the State failed to prove he "knowingly" caused another to believe he would cause physical harm to their person or property.

{¶15} R.C. 2903.22 reads:

(A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. * * *

{¶16} Deputy Snyder testified at trial he observed Appellant's vehicle enter the bakery parking lot to turn around, and "dust and gravel was flying." Tr. at 32.

{¶17} As Jessica Teeple approached Deputy Snyder, she was yelling out the window Appellant was trying to run her off the road. Tr. at 33.

{¶18} Deputy Ed Luthey testified he too was investigating the assault outside the residence along with Deputy Snyder. He heard a horn honk and then squealing tires. He looked and could see taillights turn into a bakery. The next thing he knew, he heard more honking, and more noise. Tr. at 37-38. Jessica Teeple stopped her car, and told Deputy Luthey Appellant had followed her, chased her, and she didn't know what she did, and didn't know what was going on.  She was afraid and upset.

{¶19} As noted supra, Appellant followed right behind Teeple's vehicle at a high rate of speed, coming right beside her vehicle at one point.

{¶20} We find this evidence supports the conclusion Appellant knowingly caused Teeple to believe he would cause physical harm to her or her property.  We find Appellant's conviction on menacing was not against the manifest weight of the evidence.

**{¶21}** Appellant's June 9, 2015 convictions and sentence in the New Philadelphia Municipal Court are affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur